**The STATE of Ohio**

v.

**TERNES.**

Elyria Municipal Court.

No. 97 CR 2639.

Decided May 15, 1998.

*Linda A. Webber,* for plaintiff.

*Christopher Rothgery,* for defendant.

---

GEORGE H. FERGUSON, Judge.

Defendant Robert M. Ternes was charged with obstructing official business on September 25, 1997, at 5:03 p.m. on State Route 83 south of Lorain Road in the city of North Ridgeville, county of Lorain, state of Ohio in violation of R.C. 2921.31, by a North Ridgeville police officer.

A jury trial was had April 30, 1998. At the close of the state's case, a Crim.R. 29 motion was made and overruled. At the close of all the evidence, a Crim.R. 29 motion as made and taken under advisement. The jury returned a verdict of guilty.

Construing the evidence most favorably to the state, the court finds that the arresting officer had just completed a traffic stop on Butternut Ridge Road west in Eaton Township. Defendant was proceeding east on Butternut Ridge Road and stopped to tell the officer that he was out of his jurisdiction. The officer made a U-turn and followed defendant, who was traveling twenty miles per hour in a forty-five-mile-per-hour zone in Eaton Township and twenty miles per hour in a thirty-five-mile-per-hour zone in the city of North Ridgeville. Defendant stopped at a red traffic light at Route 83 and, when the light turned green, defendant turned right and proceeded south. The distance from where defendant first stopped to speak to the officer to the traffic signal at State Route 83 is approximately .6 of a mile, with .4 of a mile in Eaton Township and .2 of a mile in the city of North Ridgeville. After turning right at the intersection of State Route 83 and proceeding south behind defendant, the arresting officer activated his overhead lights and siren. From the intersection, defendant proceeded .1 of a mile within the city of North Ridgeville and .5 of a mile in Eaton Township before stopping.

After stopping defendant, the defendant said that he did not have to show his driver's license and that he did not have a driver's license with him. When asked if he had been drinking, defendant answered, "Yes." When asked what he had

been drinking, defendant replied, "Pepsi." After defendant exited his vehicle, a Dodge Ram pickup truck, the officer had to pry defendant's hands from the side of the pickup truck bed and twice pushed defendant away when defendant entered the officer's zone of safety (the distance which an officer feels comfortable having between the officer and the subject).

The officer then arrested defendant for obstructing official business and tried to place the defendant on the hood of the vehicle so he could handcuff defendant behind his back. Five months earlier, the defendant, a sixty-seven-year-old white male, had had open heart surgery and it was extremely painful to have his hands behind his back. The parties ended up on the ground, and the officer eventually handcuffed defendant with his hands in front. Defendant testified that he grabbed onto the truck for balance, since his cane was inside the truck.

Defendant was placed in the cruiser and taken to the North Ridgeville Police Department where defendant consented to take a breath test on the alco-sensor machine, the results of which disclosed zero percent alcohol in defendant. No test for drugs was administered. Defendant was eventually released to his sixty-eight-year-old brother, who testified that the police said that his brother was stopped for drinking and driving. The brother also testified that defendant does not drink alcoholic beverages.

■ The jury returned a verdict of guilty, and the court must now decide whether there is sufficient evidence to sustain a conviction of obstructing official business in the city of North Ridgeville, construing the evidence most favorably toward the state.

■ Within the city of North Ridgeville, defendant drove twenty miles per hour in a thirty-five-mile-per-hour zone for a distance of .2 of a mile as he approached a red traffic signal preparatory to making a right turn at the intersection. The officer observed a flushed face, glassy eyes, and slouched seating behind the wheel. The officer activated his overhead lights and siren within North Ridgeville, but defendant did not stop for approximately one-half mile.

Pursuant to R.C. 2935.03:

"A * * * municipal police officer * * * shall arrest and detain until a warrant can be obtained, a person found violating, within the limits of the political subdivision * * * a law of this state, an ordinance of a municipal corporation * * * and * * * may outside the limits of that territory, pursue, arrest and detain that person until a warrant can be obtained if all the following apply:

"(1) The pursuit takes place without unreasonable delay after the offense is committed.

"(2) The pursuit is initiated within the limits of the political subdivision[.]"

It is clear that the pursuit was initiated within the city of North Ridgeville.

The legal issue presented is this: Was the offense of obstructing official business committed within the city of North Ridgeville so that the pursuit took place without unreasonable delay after the offense was committed? Defendant drove twenty miles per hour in a thirty-five-mile-per-hour zone. Defendant had a flushed face, glassy eyes, and slouched in the driver's seat (but tested zero percent alcohol on the breath-testing machine). Defendant did not stop immediately upon the officer's activating his lights and siren, but stopped approximately one-half mile farther. Does this constitute obstructing official business? This appears to be a case of first impression. The court's research does not disclose any case directly on point. Specifically, the court cannot find any reported case where not stopping within a reasonable distance after a police officer activates his overhead lights and siren constitutes obstructing official business. Therefore, the court finds, as a matter of law, that based on the facts in this case, after construing the evidence most favorably to the state, there is insufficient evidence to sustain a conviction of obstructing official business.

Therefore, defendant's motion for judgment of acquittal under Crim.R. 29 made at the close of all the evidence is hereby granted. The court hereby sets aside the jury verdict and enters a judgment of acquittal. Defendant is discharged.

The court finds that there was probable cause for the stop.

Court costs are taxed to the state.

*Judgment accordingly.*